United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO C. FERNANDEZ, | § | |
| TDCJ #0156902, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-16-9 |
| | § | |
| CAPTAIN WAKEFIELD, *et al*, | § | |
| | § | |
| Defendants. | | |

## ORDER

The plaintiff, Fernando C. Fernandez (TDCJ #01569202), is presently incarcerated at the John M. Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Plaintiff, who proceeds *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 against certain TDCJ officials and medical personnel at the Estelle Unit for violations of his Eighth and First Amendment rights. Pending are a Motion to Dismiss filed by Defendant Officers Adeyemi ("Adeyemi") and Njoroge ("Njoroge")[1] (Docket Entry No. 28) and Plaintiff's "Motion for Misjoinder" (Docket Entry No. 33). The Court has reviewed the motions, arguments of the parties, applicable law, and concludes as follows.

**I.    Background**

In his complaint and more definite statement, Plaintiff alleges that at about 5:30 p.m. on September 11, 2014, he was coming out of his cell when he was caught in the cell door.[2] He alleges that Njoroge did not walk the runway and that Adeyemi allegedly failed to wait for

---

[1] Although Plaintiff filed this action naming "Officer Njorge," the defendant's name apparently is spelled "Njoroge" based on her filings.

[2] Docket Entry No. 1 at 4; Docket Entry No. 17 at 4.

Njoroge's command before prematurely closing the cell doors.[3] Plaintiff alleges that the cell doors are "over amped" and that the cell door closed without warning on Plaintiff, crushing his chest under the pressure from the door.[4] He alleges that he momentarily lost consciousness, the doors were reversed and he fell forward, grabbing the cell door to catch his fall.[5] At that point, his hand and forearm were caught in the cell door for over 25 to 30 minutes.[6] Plaintiff alleges further that when prison officials finally freed his hand and sent him to the infirmary, Defendant Nurse Thomas was dismissive of his injury, gave him a cold pack and non-aspirins, told him to come back the next morning, and told Plaintiff to "quit being a cry baby."[7] Plaintiff was later treated by physicians at the hospital who allegedly remarked that Plaintiff should have been transported immediately to the hospital after his injury.[8]

In his more definite statement, Plaintiff further alleges that unnamed prison officials transferred him from the Estelle Unit to McConnell Unit and then to the John M. Wynne Unit in retaliation for filing grievances, in violation of the First Amendment.[9]

Plaintiff seeks monetary compensation of $80,000 because he allegedly cannot close his hand, does not have the strength that he used to have in that hand, and cannot hold things without dropping them.[10]

---

[3] Docket Entry No. 1 at 4.

[4] *Id.*; Docket Entry No. 17 at 4.

[5] Docket Entry No. 17 at 4.

[6] *Id.*

[7] *Id.* at 8.

[8] *Id.* at 9.

[9] *Id.* at 1.

[10] Docket Entry No. 1 at 4.

Defendants Adeyemi and Njoroge move to dismiss, contending that claims against them in their official capacities are barred by the Eleventh Amendment and that Plaintiff does not state a claim against them for violations of the First or Eighth Amendments in their individual capacities.

## II. Legal Standards

### A. Prisoner Litigation Reform Act Standard

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for

failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

   B.   Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id*.

In considering a motion to dismiss under Rule 12(b)(6), the district court construes the allegations in the complaint favorably to the pleader and accepts as true all well-pleaded facts in the complaint. *La Porte Construction Co. v. Bayshore Nat'l Bank of La Porte, Tex.*, 805 F.2d 1254, 1255 (5th Cir. 1986). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and internal footnote omitted).

### C. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference, a plaintiff must plead facts to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002).

Deliberate indifference is an "extremely high standard to meet," *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious harm facing the inmate." *Morgan v. Hubert*, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting *Farmer*, 511 U.S. at 837). The Fifth Circuit, on rehearing *en banc*, recently reiterated that to "violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind . . . . that state of mind is one of 'deliberate indifference' to inmate health or safety.'" *Williams v. Hampton*, 797 F.3d 276 (5th Cir. July 28, 2015) (*en banc*) (holding that the prison guard's actions or omissions did not, as a matter of law, rise to the level of deliberate indifference).

To demonstrate deliberate indifference to his serious medical needs, a plaintiff must plead facts that indicate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or "engaged in any similar conduct that would evince a wanton disregard for any serious medical need." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

However, a delay in medical care can rise to the level of a constitutional violation only if the delay is occasioned by deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). "[T]he 'failure to alleviate a significant risk that [the Defendants] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (quoting *Farmer*, 114 S. Ct. at 1979). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . safety." *Whitley v. Albers*, 106 S. Ct. 1078, 1084 (1986).

In other words, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Rather, "[i]t is the 'obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment], whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Bradley v. Puckett*, 157 F.3d at 1025 (quoting *Whitley*, 106 S. Ct. at 1084). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105-06).

### D. Retaliation

Although it is well established that a prison official may not retaliate against an inmate for complaining through proper channels about a prison official's misconduct, *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008), a prisoner's personal belief that retaliation must have been the reason for the adverse action is insufficient to state a valid claim under 42 U.S.C. § 1983. *See Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999). "To prevail on a claim of retaliation, a

prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir.1998). "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* (internal quotation marks and citations omitted).

The need for close scrutiny of individual retaliation claims is especially keen in the prison context. The Fifth Circuit has admonished district courts: "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

### III. Discussion

#### A. Official Capacity Claims

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55 (1996); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984) (explaining that the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court). Unless expressly waived, the Eleventh Amendment bars an action in federal court by, *inter alia*, a citizen of a state against his or her own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002).

As a state agency, TDCJ is immune from a suit for money damages under the Eleventh

Amendment unless it is waived or abrogated by Congress. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). It is also settled that the Eleventh Amendment bars a recovery of money damages under 42 U.S.C. § 1983 from state employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

An exception to Eleventh Amendment immunity exists for suits brought against individuals in their official capacity, as agents of the state or a state entity, where the relief sought is injunctive in nature and prospective in effect. *See Aguilar*, 160 F.3d at 1054 (citing *Ex parte Young*, 209 U.S. 123 (1980)). Because Plaintiff seeks only monetary relief from the defendants, the Eleventh Amendment bars Plaintiff's section 1983 claims against defendants in their official capacities as state employees. Accordingly, Plaintiff's claims for money damages against defendants in their official capacities will be dismissed without prejudice based on Eleventh Amendment immunity.

B.  **Individual Capacity Claims**

In response to Defendants' motion to dismiss, Plaintiff filed a "Motion for Misjoinder" wherein he acknowledges that he is unable to prove that Defendants Adeyemi, Njoroge, and Captain Wakefield were deliberately indifferent to a substantial risk of serious harm to him from the cell doors. Plaintiff further represents that he wishes to dismiss those defendants from this case.

Taking all of the facts alleged by Plaintiff as true, and his acknowledgment that he is unable to show deliberate indifference as to Adeyemi, Njoroge, or Wakefield, Plaintiff's claims against those three defendants in their individual capacities will be dismissed.

Further, to the extent that Plaintiff asserts a First Amendment retaliation claim, he states

no facts to show that any named defendant retaliated against him for filing grievances.  Personal involvement is an essential element of a civil rights cause of action in an individual capacity claim.  *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a section 1983 action must "specify the personal involvement of each defendant").   Because Plaintiff pleads no facts to show that any of the defendants retaliated against him, Plaintiff fails to state a First Amendment claim against any named defendant in this lawsuit and those claims will be dismissed.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Misjoinder (Docket Entry No. 33) is **GRANTED**.

2. Defendants' Motion to Dismiss (Docket Entry No. 28) is **GRANTED**.

3. The claims against all defendants in their official capacities are **DISMISSED** without prejudice pursuant to Eleventh Amendment sovereign immunity.

4. Plaintiff's First Amendment claims are **DISMISSED** for failure to state a claim for which relief may be granted.

5. The claims against Defendants Adeyemi, Njoroge, and Wakefield in their individual capacities are **DISMISSED** with prejudice for failure to state a claim for which relief may be granted.

6. The Eighth Amendment claim against Defendant Thomas in her individual capacity remains for adjudication.

The Clerk of Court will send a copy of this order to all parties of record.

SIGNED at Houston, Texas, this 24th day of August, 2016.

                                          MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE