UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO C. FERNANDEZ, TDCJ #01569202, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-16-09 |
| CAPTAIN WAKEFIELD, *et al*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Fernando C. Fernandez (TDCJ #01569202), is presently incarcerated at the John M. Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Plaintiff, who proceeds *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983 against certain TDCJ officials and medical personnel at the Estelle Unit for violations of his Eighth and First Amendment rights. On May 26, 2016, the Court dismissed the claims against Warden Brewer with prejudice. *See* Docket Entry No. 18. On August 24, 2016, the Court dismissed all claims against all defendants in their official capacities and dismissed the individual capacity claims against Defendants Adeyemi, Njoroge, and Wakefield. *See* Docket Entry No. 34. Pending is Defendant Georgina Thomas's Motion to Dismiss (Docket Entry No. 48). The Court has reviewed the motion, arguments of the parties, applicable law, and concludes as follows.

**I.     BACKGROUND**

In his complaint and more definite statement, Plaintiff alleges that at about 5:30 p.m. on September 11, 2014, he was coming out of his cell when he was caught in the cell door.[1]

---
[1] Docket Entry No. 1 at 4; Docket Entry No. 17 at 4.

Plaintiff alleges that the cell doors are "over amped" and that the cell door closed without warning on Plaintiff, crushing his chest under the pressure from the door.[2] He alleges that he momentarily lost consciousness, the doors were reversed and he fell forward, grabbing the cell door to catch his fall.[3] At that point, his hand and forearm were caught in the cell door for over 25 to 30 minutes.[4] Plaintiff alleges further that when prison officials finally freed his hand and sent him to the infirmary, Defendant Nurse Thomas examined and treated his injury with gauze, gave him a cold pack and non-aspirins, gave him a medical pass for an appointment the next morning, and told Plaintiff to "quit being a cry baby."[5] Plaintiff was treated the next day by physicians at the hospital who allegedly remarked that Plaintiff should have been transported immediately to the hospital after his injury.[6]

Plaintiff seeks monetary compensation of $80,000 because he allegedly cannot close his hand, does not have the strength that he used to have in that hand, and cannot hold things without dropping them.[7] Defendant Georgina Thomas ("Thomas") moves to dismiss the sole remaining claim in this case, a claim under the Eighth Amendment against Thomas in her individual capacity, contending that she is entitled to qualified immunity because Plaintiff fails to state an actionable claim against her.[8]

---

[2] Docket Entry No. 1 at 4; Docket Entry No. 17 at 4.

[3] Docket Entry No. 17 at 4.

[4] *Id.*

[5] *Id.* at 8.

[6] *Id.* at 9.

[7] Docket Entry No. 1 at 4.

[8] As noted, the Court previously dismissed all claims against all of the defendants (including Thomas) in their official capacities as barred by the Eleventh Amendment. *See* Docket Entry No. 34.

## II. Legal Standards

### A. Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id*.

In considering a motion to dismiss under Rule 12(b)(6), the district court construes the allegations in the complaint favorably to the pleader and accepts as true all well-pleaded facts in the complaint. *La Porte Construction Co. v. Bayshore Nat'l Bank of La Porte, Tex.*, 805 F.2d 1254, 1255 (5th Cir. 1986). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and internal footnote omitted).

### B. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference, a plaintiff must plead facts to show that

"the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). Deliberate indifference is an "extremely high standard to meet," *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious harm facing the inmate." *Morgan v. Hubert*, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting *Farmer*, 511 U.S. at 837).

To demonstrate deliberate indifference to his serious medical needs, a plaintiff must plead facts that indicate that the defendant refused to treat him, ignored his complaints, intentionally treated him incorrectly, or "engaged in any similar conduct that would evince a wanton disregard for any serious medical need." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). A delay in medical care can rise to the level of a constitutional violation only if the delay is occasioned by deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). "[T]he 'failure to alleviate a significant risk that [the Defendants] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (quoting *Farmer*, 114 S. Ct. at 1979). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . safety." *Whitley v. Albers*, 106 S. Ct. 1078, 1084 (1986).

In other words, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County,*

*Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Rather, "[i]t is the 'obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment], whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Bradley v. Puckett*, 157 F.3d at 1025 (quoting *Whitley*, 106 S. Ct. at 1084). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105-06).

### III. DISCUSSION

#### A. Eighth Amendment

Thomas contends that Plaintiff fails to state a viable Eighth Amendment claim against her regarding medical care because there is no indication that she "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Docket Entry No. 48 at 6 (quoting *Domino*, 239 F.3d at 756). Plaintiff acknowledges that Thomas examined and treated his hand, but complains that she did not provide the proper treatment and told him to "quit being such a cry-baby."[9] Plaintiff states that Thomas cleaned blood from his hand and arm, wrapped his arm with gauze, used extra cotton balls to address the bleeding, gave him non-aspirin pills and an ice pack, and issued him a pass to return to the infirmary for a follow-up appointment the next morning.[10] Plaintiff was seen at the hospital that morning and received treatment for his

---

[9] Docket Entry No. 17 at 8.

[10] *Id.* at 8-9.

hand.[11]

Taking all of Plaintiff's allegations as true and construing his pleadings liberally in his favor, Plaintiff does not plead facts to indicate that Thomas was subjectively aware of a risk of serious harm to Plaintiff and consciously disregarded that risk. At most, Plaintiff has stated a claim of negligence, malpractice, or disagreement with treatment, which are insufficient to support a finding of deliberate indifference under the Eighth Amendment. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation). In that respect, an inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment. *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim for deliberate indifference); *Norton v. Dimazana,* 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he received does not mean that he suffered deliberate indifference); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation); *Wagner v. Bay City,* 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably"). Plaintiff's allegations do not rise to the level of deliberate indifference where, as here, Thomas examined his injuries, treated him, and gave him a follow-up appointment for the next morning.

To the extent that Plaintiff complains asserts that Thomas delayed his medical care, a delay in medical care can rise to the level of a constitutional violation only if the delay is

---

[11] *Id.*

occasioned by deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). As stated, Plaintiff does not plead facts to show deliberate indifference. Plaintiff also does not plead facts to show that the short delay in other medical treatment he received at the hospital less than 24 hours later caused him substantial harm. Although Plaintiff alleges that Thomas should have perceived that he was seriously hurt, he does not plead facts to show that Thomas was subjectively aware that the treatment she did provide placed Plaintiff at a substantial risk of serious harm and that she disregarded that risk. "[T]he 'failure to alleviate a significant risk that [the Defendant] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (quoting *Farmer*, 114 S. Ct. at 1979). Accordingly, Plaintiff's Eighth Amendment claim against Thomas is subject to dismissal for failure to state a claim for which relief may be granted under section 1983.

### A. **Qualified Immunity**

Thomas also invokes her entitlement to qualified immunity for the actions alleged in Plaintiff's complaint. Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As a result, courts will not deny qualified immunity unless "existing precedent . . . placed the statutory or constitutional question beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2083 (2011). Therefore, a plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* at 2080 (citation omitted). When a defendant raises the defense of qualified immunity, the plaintiff bears the burden to negate the defense once it is

properly raised. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Bazan ex rel. Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001)).

As stated above, Plaintiff has not stated facts to show that Thomas violated his constitutional rights regarding his medical care. In addition, he did not respond to her assertion of qualified immunity, and, therefore, has failed to meet his burden to negate that defense. Accordingly, Thomas is entitled to qualified immunity for the Eighth Amendment claim alleged against her in her individual capacity.

IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendant Georgina Thomas's Motion to Dismiss (Docket Entry No. 48) is **GRANTED**, and this case is **DISMISSED**.

2. All other motions, if any, are **DENIED**.

The Clerk of Court will send a copy of this order to all parties of record.

SIGNED at Houston, Texas, this 25th day of January, 2018.

                              MELINDA HARMON
                        UNITED STATES DISTRICT JUDGE